**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

QUINTERIOUS WILLIAMS, #327717    )
                )
       Plaintiff,         )
                )
vs.                    )      CIV. A. NO. 23-00110-TFM-N
                )
CHRISTOPHER MORGAN, *et al.*,    )
                )
       Defendants.    )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Quinterious Williams, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Docs. 2, 7). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened pursuant to 28 U.S.C. §§ 1915A & 1915(e).

Upon review of Plaintiff's amended complaint (Doc. 7), and for the reasons discussed herein, the undersigned recommends that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    Standard of Review

*Pro se* pleadings, like this one, are liberally construed and held to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), but the complaint, or any part of it, will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b). Dismissal for these causes is mandatory rather than discretionary. *Blaise v.*

*Cent. Intel. Agency*, 704 F. App'x 912 (11th Cir. 2017) ("Section 1915(e)(2)(B)(ii) requires the district court to dismiss a case filed by a prisoner if the court determines that the complaint fails to state a claim on which relief may be granted.").

A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes, where as a matter of law, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

A claim may be dismissed for failure to state a claim upon which relief may be granted where the allegations lack plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). A complaint may only be dismissed under 28 U.S.C. § 1915(e)(2)(B) "if it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief.'" *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff is further not required to know all of the legal

theories on which he might recover; it is enough that he allege he was injured and that his allegations can conceivably give rise to a viable claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## II.   Complaint Screening

Plaintiff challenges the veracity of the investigation and prosecution which led to his 2021 convictions in Mobile County, Alabama for Domestic Violence and Shooting into an occupied vehicle, where Remeka King was shot. The crux of Plaintiff's complaint is that the victim, Ms. King, was not seriously injured and that she did not want to pursue charges against Plaintiff. However, knowing this information, Defendants conspired to pursue false charges against him, from the initial investigation to manipulating trial evidence. (*See* Doc. 7 at 8-19). In short, he alleges that Lieutenants Lawrence Martin and Emanuel Dotch had Ms. King file an untrue statement that Plaintiff shot her in her head and, thereafter, had a warrant issued for his arrest based on the statement, and that Lieutenant Martin falsely testified to the same at his trial. He further alleges that Mobile County Assistant District Attorney Coy Morgan bribed Ms. King to continue with the case (promising her money) and fabricated other charges against Plaintiff "to make him look like a vicious criminal." (Doc. 7 at 10).

Plaintiff requests that the acts of Defendants be treated as a "hate crime" and Defendants "face criminal charges for conspiring to take [his] life", that he be compensated for his suffering, and that his sentence to be overturned or that he be exonerated. (*Id*. at 7, 11).

## A.  Injunctive Relief

Plaintiff claims he has been incarcerated since July 26, 2021, pursuant to the state conviction of the criminal charges identified in his complaint. (Doc. 7 at 6). Because he has been found guilty of the charges of which he complains and his complaint allegations go to the fundamental legality of his conviction and sentence, he may only obtain relief through a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477 (1994). The Supreme Court made clear in *Heck*, claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims are to be dismissed. *Heck*, 512 U.S. at 489. The question to be asked is, "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487. Here, the answer is yes. Consequently, his civil suit is barred by *Heck*. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.").

To the extent the Court were to construe Plaintiff's complaint as a petition for writ of habeas corpus, Plaintiff's petition would still fail because he has not alleged that he attempted to exhaust his state court remedies for these claims before filing this action. *See* 28 U.S.C. § 2254(b)(1) and (c). A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Under the exhaustion doctrine, petitioners are required to give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Heck*, 512 U.S. at 480-481 ("The federal habeas corpus statute ... requires that state [petitioners] first seek redress in a state forum."). Accordingly, petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845. A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8 (1982). Moreover, it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). In this case, Plaintiff has not shown that he has exhausted his claims in the Alabama Supreme Court, nor has he established any basis for this Court to excuse the exhaustion requirement.

For these reasons, Plaintiff's claims for exoneration should be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as such relief is inappropriate in this § 1983 action and frivolous as a matter of law.

**B.  Damages**

Plaintiff seeks damages for what the undersigned is convinced is a malicious prosecution claim against Defendants Martin, Dotch, and Morgan. To establish a § 1983 claim for malicious prosecution, Plaintiff must prove: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; (4) that caused damage to the plaintiff accused; and (5) an unreasonable search and seizure in violation of the Fourth Amendment. *Grider v. City of Auburn, Alabama,* 618 F.3d 1240, 1256 (11th Cir. 2010). Plaintiff's claim fatally falls at the third prong, as Plaintiff has not shown that a criminal proceeding has ended in his favor. Instead, Plaintiff readily admits that he was found guilty of the charges which are the basis of his complaint and requests to be exonerated from the same. Thus, it is well-settled, he is not entitled to relief under 42 U.S.C. § 1983, at least not currently.

Furthermore, it is well established that a state prosecuting attorney, like Coy Morgan, who acted in preparation for judicial proceedings or for trial, is immune from suit for money damages. *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786 (11th Cir. 2017). This absolute immunity "applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence." *Id*.

For these reasons, Plaintiff's claims requesting monetary damages for his alleged § 1983 claims are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**C.  Criminal Charges**

To the extent Plaintiff seeks to bring criminal charges against Defendants, there is no basis for relief. Plaintiff simply lacks standing to sue for the criminal prosecution of another. *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001). "A private citizen lacks a judicially cognizable interest in the prosecution . . . of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, this Court lacks authority to order the initiation of a criminal prosecution. *See, e.g., United States v. Davis,* 285 F.3d 378, 383 (5th Cir. 2002) ("[F]ederal courts lack authority to initiate criminal prosecutions or to compel the attorneys of the United States to initiate criminal prosecutions.").

Accordingly, Plaintiff's claims requesting that Defendants "face criminal charges" should be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.    Conclusion.

For these reasons, it is **RECOMMENDED** that Plaintiff's § 1983 action be **DISMISSED** without prejudice, prior to service of process pursuant to 28 U.S.C § 1915(2)(B)(i-ii).

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of July, 2023.

*/s/ Katherine P. Nelson*

**UNITED STATES MAGISTRATE JUDGE**